NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2017 VT 33

No. 2015-350

| | |
|---|---|
| Jill Rinehart, M.D. | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Chittenden Unit, |
| | Family Division |
| | |
| Eric Svensson | March Term, 2016 |

Samuel Hoar, Jr., J.

Mary G. Kirkpatrick of Kirkpatrick & Goldsborough, PLLC, South Burlington, for
  Plaintiff-Appellee.

Matthew J. Buckley, Williston, and Edward P. Sheu of Best & Flanagan LLP, Minneapolis,
  Minnesota, for Defendant-Appellant.

PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.

¶ 1.    **SKOGLUND, J.**   In this appeal, father claims that, under 15 V.S.A. § 670, he is entitled as a matter of right to his sons' personal records, and specifically, to all of his sons' mental health records. The family court disagreed and denied father access to the requested records based on the best interests of the children. We affirm.

¶ 2.    This appeal follows our decision in Rinehart v. Svensson, No. 2015-025, 2015 WL 3756802 (Vt. June 1, 2015) (unpub. mem.), https://www.vermontjudiciary.org/sites/default/files/documents/eo15-025.pdf, a three-justice opinion upholding the family court's denial of father's motion to modify, but remanding in part to address father's arguments based on 15 V.S.A. § 670.

¶ 3. The foundational facts remain the same. The parties divorced in 2004 and are parents to two sons, now approximately sixteen and fourteen years old. The parental rights and responsibilities portion of the final divorce order was amended several times and those changes were incorporated in a stipulated agreement approved by the family court in September 2008. Under that agreement, mother has sole physical and legal parental rights and responsibilities. Father has parent-child contact with the children every other week.

¶ 4. Since that time, the parties have filed numerous motions to enforce and motions to modify or to clarify the parent-child contact provisions of the order. In August 2014, father filed a motion to enforce the existing order and a motion for modification. Prior to the hearing on this motion, father requested discovery, including "full access to the boys' mental health records, including all therapy sessions in which the boys were participants." He also sought depositions of mother, her husband, and the children's current and former therapists. In conjunction with this discovery request, the family court ordered that mother provide the court with the children's mental health records after January 1, 2013, for in camera review. Father filed a subsequent motion to expand the scope of records requested; this second motion explicitly relied on 15 V.S.A. § 670, which under general circumstances allows a noncustodial parent access to the records of his or her child. The court denied father's request to expand the scope of records under § 670, and after reviewing the records in camera, the court ruled that the records contained no discoverable information, and ordered that they be returned to mother.

¶ 5. In the subsequent hearing held on father's motion to modify, the family court determined that father's evidence did not support a finding that there was a substantial and unanticipated change in circumstances warranting a modification of the existing order. As indicated above, a three-justice panel of this Court affirmed the family court's conclusion that father failed to prove a substantial change in circumstances. Rinehart, 2015 WL 3756802, at *3.

¶ 6. In the same appeal, father challenged the family court's decision to deny access to his children's mental health records. As he did in the family court, father relied on 15 V.S.A. § 670, which states:

> Access to records and information pertaining to a minor child, including but not limited to medical, dental, law enforcement and school records shall not be denied to a parent solely because that parent has not been awarded parental rights and responsibilities. The court may order that access to all or a portion of the records or information shall be denied if access is not in the best interests of the child or if access may cause detriment to the other parent including but not limited to abuse.

¶ 7. Father claimed that § 670 entitled him to his sons' mental health records and that he was denied those records. In analyzing father's contention, the three-justice panel first noted that, although father argued on appeal that he was generally being denied access to all of his sons' therapy records, the family court's October 21, 2014 discovery order limited discovery to those records created after January 1, 2013. After that date, the only therapy the boys engaged in was family therapy with mother and her new husband, as opposed to the individual therapy the boys attended prior to 2013. Because father neither challenged the court's discovery order limiting the in camera review to post-January 2013 mental health records nor the court's subsequent order declining to admit those records, the three-justice panel did not review those trial court discovery orders. But the three-justice panel did conclude that the court's discovery orders did not fully address father's November 19, 2014 Motion for Order Compelling Release of Children's Therapy Records; in that motion, father claimed that § 670 provided him with a statutory right to all of his sons' medical records, including their individual therapy records prior to 2013. As a result, the panel remanded to the family court to consider this claim. Rinehart, 2015 WL 3756802, at *3.

¶ 8. On remand, the parties filed additional briefing to address whether 15 V.S.A. § 670 gave father a statutory right to the boys' records and, if so, the scope of that right. Father expanded his original claim, contending that § 670 conferred a statutory right of access not only to his sons'

3

mental health records, but also to all information regarding "the boys' activities, schedules, and routines after school as well as during the summer weeks." Father further argued that, in order to deny his access to the requested records, § 670 required the family court to make findings that father's access to the records would be detrimental either to his sons or to their mother. Mother opposed father's claims, arguing that, to the extent father requested psychotherapy notes relating to his sons' individual therapy sessions, the Health Insurance Portability and Accountability Act of 1996 (HIPAA) preempted § 670. Aside from the therapists' notes, mother claimed that father possessed all other records from the individual therapy sessions and it was unclear what additional mental health records father sought beyond the preempted psychotherapy notes.[1] Finally, mother argued that the court should conclude, based on father's allegedly contentious conduct and the age of the records, that providing access to the records would not be in the best interests of the children and would be detrimental to mother.

¶ 9. The family court denied father's claims. First, the court noted that, under § 670, the requested records could not be denied to father "solely on the basis of his being the noncustodial parent." But because this language allowed for denial on a basis other than father's noncustodial status, the court reasoned that § 670 did not override HIPAA or any other common law or statutory privilege, such as the psychotherapist-patient privilege. The court further concluded that the statute explicitly allowed the court to deny access to any records if "access is not in the best interest[s] of the child or if access may cause detriment to the other parent." The court then determined that the psychotherapist-patient privilege applied to father's request and,

---

[1] We understand that the parties dispute whether father's request includes psychotherapy notes. Father asserts that he seeks access only to his sons' mental health records, including individual therapy records, but not treatment notes. By contrast, mother contends that, aside from the psychotherapists' notes, father has always had general access to the boys' mental health records; therefore, according to mother, it follows that father must be seeking only the therapists' notes and not records of visits and prescriptions. We address father's broad request for therapy records, including psychotherapy notes. Supra, ¶ 12 n.3.

4

moreover, that it was in the boys' best interests for any waiver of the psychotherapist-patient privilege to be made by the court. The court noted that allowing either parent unfettered access to the therapy records could result in substantial emotional harm to the children and inhibit their sons' participation in necessary therapy. Further, the court concluded that disclosure of the children's afterschool activities' records was not in the children's best interests because father had raised similar claims multiple times in the past, despite the court's uniform denial of the claims.

¶ 10. On appeal, father challenges the family court's conclusions in three respects; first, father claims that the trial court erred by concluding 15 V.S.A. § 670 was preempted by HIPAA; second, father alleges that the psychotherapist-privilege cannot be employed to prevent a noncustodial parent from accessing a minor child's mental health information and records under § 670; and third, father argues that the court erred by denying father's access to the records under § 670 based on the existing record, without a hearing and without findings. Of these three claims, the central issue before us and the subject of our limited remand in the prior case is father's third claim, which asks us to determine the extent of a noncustodial parent's access under § 670 and whether a court may limit that access.

¶ 11. Before examining that core issue, however, we briefly address father's first two arguments regarding HIPAA and the psychotherapist-patient privilege. As explained below, we conclude that the court's reliance on § 670 provided an independent basis for denying father's access to the records; as result, we do not address the court's limited analysis relating to the psychotherapist-privilege or HIPAA.

¶ 12. We now turn to father's central argument. On remand, father sought access to a wide swath of records under § 670,[2] but we focus on his request for all mental health records

---

[2] On remand, father framed his request broadly, seeking access to "any other information or records pertaining to his boys" including all medical records. For this purpose, he provided mother with a broad authorization form allowing him to access "a complete copy of all records," including the following: "Discharge Summary"; "All Emails Received"; "All Emails Sent";

5

created by his sons' therapy providers, including psychotherapy notes. We conclude that, under § 670, noncustodial parents have a general right of access to their children's records, but that the family court properly determined that providing father with access to his sons' mental health records was not in their best interests.[3]

¶ 13. Our first task is to determine the extent of a noncustodial parent's access under § 670. This Court reviews the applicability and meaning of a statute de novo. See In re A.W., 2013 VT 107, ¶ 5, 195 Vt. 226, 87 A.3d 508. Our familiar statutory analysis begins with the statute's purpose. Id. Our objective in construing § 670 is to effectuate the Legislature's intent. Id. We presume that the Legislature intended the plain ordinary meaning of the adopted statutory language and will enforce the plain meaning of the language where the meaning is unambiguous. Id.

¶ 14. Section 670's first sentence states that "records shall not be denied to a parent solely because that parent has not been awarded parental rights and responsibilities." 15 V.S.A. § 670. In Gazo v. Gazo, we noted in dicta that "[s]ection 670 specifically provides that a parent who has not been awarded parental rights and responsibilities still has a right of access" to records. 166 Vt. 434, 443, 697 A.2d 342, 347 (1997). By acknowledging this right of access along with other

---

"Psychiatric/Psychological/Psychotherapy Testing & Results"; "Alcohol/Drug Reports"; "Therapy/Counseling Records and Notes"; and the "Entire Record on File."

We note, however, that our remand focused only on father's November 13, 2014 motion to compel release of his sons' therapy records. Similarly, the family court referred only to "therapy records" when it rendered its decision. Now, on appeal, father focuses on his sons' therapy records and specifically points to the records of Dr. Steve Lewis, who provided individual therapy to the boys from approximately August 2004 through February 2009. As a result, we address father's request for his sons' therapy records and reserve a decision regarding other medical records for the family court in the first instance.

[3] We do not address father's request for records of his sons' afterschool activities for several reasons. First, as described above, these records were outside the scope of the limited remand. Aside from father's bare claims, moreover, no evidence suggests that father does not have access to these records, nor is there evidence that such records exist, apart from the boys' June 2015 transition schedule, which mother provided to father.

statutory requirements favoring a child's maximum contact with both parents, we observed that the Legislature provided the courts with tools to keep "both parents involved in decision-making," even though one parent is the child's primary parent. Id. Here, we reaffirm our conclusion in Gazo that § 670 provides a noncustodial parent, such as father, with a general right of access to his or her children's records.

¶ 15. But the second sentence of § 670 also makes plain that this general right of access is subject to a statutory limitation: "The court may order that access to all or a portion of the records or information shall be denied if access is not in the best interests of the child or if access may cause detriment to the other parent including but not limited to abuse." Under § 670, therefore, a court can curtail a noncustodial parent's general right of access by finding either that disclosure is not in the child's best interests or that disclosure may harm the other parent.[4] Thus, although father had a general right of access to his sons' records, the family court could deny his access based on his sons' best interests.

¶ 16. And, in fact, the family court did conclude that the best interests of the children would not be served by allowing either party to access their sons' therapy records. Generally, the court enjoys broad discretion in assessing the best interests of a child and we accept their findings unless clearly erroneous. Payrits v. Payrits, 171 Vt. 50, 52-53, 757 A.2d 469, 472 (2000). "[W]e uphold the court's legal conclusions if they are supported by the findings." DeSantis v. Pegues, 2011 VT 114, ¶ 26, 190 Vt. 457, 35 A.3d 152. We view the findings in the light most favorable to the prevailing party, and only reverse if the court exercised its discretion "upon unfounded considerations or to an extent clearly unreasonable upon the facts presented." Id. (quotation omitted).

---

[4] Presumably, a noncustodial parent's general right of access may also be superseded by federal law in certain circumstances, but we do not reach that issue.

7

¶ 17.     In this case, the family court's decision is supported by its findings.    See Chickanosky v. Chickanosky, 2012 VT 52, ¶ 19, 192 Vt. 627, 54 A.3d 162 (affirming family court's decision limiting parent-child contact during summertime based on child's best interests). In reaching its conclusion, the court highlighted the heightened importance of confidentiality between the therapist and patient in the divorce and custody context.  Specifically, the court noted that the boys could be prevented from seeking or succeeding in treatment or could be emotionally harmed by a forced disclosure.  These findings speak directly to the ability of each parent to meet the children's future developmental needs, 15 V.S.A. § 665(b)(3), and the relationship of the children to another person who may significantly affect them (in this case their therapists).  Id. § 665(b)(7).  Thus, the court's conclusion that the children's best interests precluded any release of the records is supported by the findings.  See Pegues, 2011 VT 114, ¶ 26.

¶ 18.     As noted above, we do not address father's unavailing claim that the family court improperly relied on the psychotherapist-patient privilege when it prohibited either parent from accessing their sons' therapy records.  Regardless of whether the court's partial reliance on the psychotherapist-privilege was proper, § 670 provided the court with an independent statutory basis for denying father's access to the records, based on the child's best interests.

¶ 19.     Father further finds fault with the family court for failing to hold a hearing and for not making the requisite best-interests findings.  Although it is correct that the family court did not hold a new fact-finding hearing after our remand, the court had extensive prior dealings with the parties, including taking evidence on father's most recent motion to modify their parental-rights-and-responsibilities order.  Moreover, the court received additional briefing on the issue after our remand, and neither party raised a new issue that required further fact-finding.  Based on these circumstances, the evidence was sufficient to support the court's determination under § 670, despite the lack of a hearing and new factual findings.  See Bancroft v. Bancroft, 154 Vt. 442, 449, 578 A.2d 114, 118 (1990) (concluding that court's findings on custody were sufficient to support

8

visitation order). More important, the opinion as a whole clearly demonstrated the court's proper focus on the best interests of the children. See <u>Chickanosky</u>, 2012 VT 52, ¶ 19. Because that decision reflects the court's reasoned judgment in light of the evidence, we will not disturb its decision. See <u>Kasper v. Kasper</u>, 2007 VT 2, ¶ 5, 181 Vt. 562, 917 A.2d 463.

¶ 20.  Although father is correct that the policy behind § 670 ensures that noncustodial parents can remain involved with their children after divorce or custody proceedings, the ultimate focus of § 670 is to protect the children involved in these post-judgment proceedings. That is why, in cases such as this, a court may deny access to a noncustodial parent if it serves the childrens' best interests.

<u>Affirmed</u>.

FOR THE COURT:

_____

Associate Justice